UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cincinnati Development III, LLC,

    Plaintiff,

              v.

Cincinnati Terrace Plaza, LLC, et al.,

    Defendants.

Case No. 1:18-cv-00586

Judge Michael R. Barrett

**OPINION AND ORDER**

This matter is before the Court on two motions. First, Plaintiff Cincinnati Development III, LLC ("First Buyer") filed a Motion to Compel and for Sanctions. (Doc. 135). Defendant Cincinnati Terrace Plaza, LLC's ("Seller") filed a Response in Opposition (Doc. 138), and First Buyer filed a Reply (Doc. 139). Second, Seller filed a Motion for Stay of Execution Pending Appeal. (Doc. 137). First Buyer filed a Response in Opposition. (Doc. 140). Seller did not file a Reply and the time to do so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). The Court will address these motions out of turn for ease of organization.

    **I.   Background**

This case has been the subject of numerous pre- and post-trial Opinions and Orders, *see, e.g.*, (Docs. 79, 111, 114, 125), and familiarity with the matter's factual background and the Court's prior rulings is presumed. By way of brief background, and pertinent to this Opinion and Order though, on December 28, 2021, the Court ordered Seller to pay First Buyer damages in the amount of $1,700,000.00. (Doc. 114). Judgment

issued on December 30, 2021. (Doc. 115). The Court subsequently denied Seller's Motion to Alter or Amend Judgment on March 8, 2022. (Doc. 125).

Seller filed a timely Notice of Appeal on April 6, 2022. (Doc. 126). Seller has not posted a supersedeas bond or other security. The appeal is currently pending before the U.S. Court of Appeals for the Sixth Circuit ("Sixth Circuit") which held oral argument in the appeal on December 6, 2022. *Cincinnati Development III v. Cincinnati Terrace Plaza, LLC, et al*, Case No. 22-3303, Doc. 29 (Dec. 6, 2022).

First Buyer has been trying to schedule a judgment debtor exam since June 2, 2022 when it served Seller with a Notice of Judgment Debtor Exam Duces Tecum. (Doc. 135-1). After back-and-forth emails between First Buyer's counsel and Seller's counsel, two discovery telephone conferences with the Court, and Seller's counsel's inability to confirm Seller's compliance with First Buyer's request for production of documents and corporate representative's appearance at a judgment debtor exam, the Court permitted First Buyer to file its Motion to Compel and for Sanctions. *See* (Doc. 135-1)-(Doc. 135-5); *see also* Sept. 22, 2022 Minute Entry; Sept. 7, 2022 Minute Entry; Aug. 5, 2022 Notation Order.

## II. Seller's Motion for Stay of Execution Pending Appeal

Federal Rule of Civil Procedure ("Rule") 62(b) provides that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Pursuant to this rule, "[a] party who files a satisfactory supersedeas bond is entitled to a stay of the money judgment as a matter of right." *Kidis v. Reid*, Case No. 19-1673, slip op. at 1 (6th Cir. Jan. 6, 2020) (citing

FED. R. CIV. P. 62(b)). "Although the Rule does not 'precisely define the amount and conditions of a supersedeas bond,' it generally equals the entire judgment." *Id.* (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). "The burden is on the movant to objectively demonstrate that a departure from the general rule is warranted." *Id.*

Rule 62, however, "speaks only to stays [of execution on a judgment] granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.* slip op. at 2 (alteration added) (quoting *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [our] discretion." *Id.* (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34, (2009)). The Court balances "four factors to determine whether a stay is appropriate: (1) whether the movant 'has made a strong showing that he is likely to succeed on the merits'; (2) whether the movant 'will be irreparably injured absent a stay'; (3) whether issuance of a stay will 'substantially injure' other interested parties; and (4) 'where the public interest lies.'" *Id.* (quoting *Nken*, 556 U.S. at 434). "The first two factors are 'the most critical.'" *Id.* (quoting *Nken*, 556 U.S. at 434).

Seller asks the Court to either waive the bond requirement for a stay of First Buyer's execution on the $1,700,000.00 judgment because the duration of the stay will be brief in light of the Sixth Circuit's average time to decide an appeal, or fix a bond amount "at $100,000 which is the amount of the liquated damages at issue underlying the Judgment." (Doc. 137 PageID 4854). The Court will deny Seller's Motion to Stay in light of Seller's failure to post a supersedeas bond or other security; objectively

3

demonstrate that a departure from the general rule, requiring a supersedeas bond to equal the entire judgment, is warranted in this case; show that Seller is likely to succeed on the merits; or show that Seller will suffer irreparable harm absent a stay. *See Kidis*, Case No. 19-1673, slip op. at 4-5; *see also Nken*, 556 U.S. at 433-34; *Poplar Grove Planting & Ref. Co.*, 600 F.2d at 1191; FED. R. CIV. P. 62(b). Additionally, Seller provides no citation to authority for its assertion regarding the Sixth Circuit's average time to decide an appeal and the Court will not indulge Seller's guesswork as to the timing of the Sixth Circuit's decision on appeal. Further, to the extent that Seller suggests that $100,000.00 is a proper bond amount and thus a departure from the general rule is warranted here, the Court declines Seller's third attempt to succeed on its failed defense on the merits of the contract dispute between First Buyer and Seller in this case.

### III. First Buyer's Motion to Compel and for Sanctions

Rule 69 provides that, in aid of the judgment or execution, the judgment creditor may obtain discovery from any person—including the judgment debtor—as provided in the Federal Rules of Civil Procedure. FED. R. CIV. P. 69(a)(2). Rule 30, in turn, permits a deposition notice to include a request for production of documents, a party to notice a business organization as the deponent, and that party to describe the matters for the organization's examination, and then requires the organization to designate one or more persons to testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(2), (6).

Additionally, Rule 37 permits a party seeking discovery to move for an order compelling production or designation if, inter alia, "a party fails to produce documents" or

"a corporation or other entity fails to make a designation under Rule 30(b)(6)." FED. R. CIV. P. 37(a)(3)(B). Rule 37 also provides that, if the Court grants the requested motion to compel, or the disclosure or discovery is provided after the motion's filing, then the court generally "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

First Buyer has been trying to obtain documents for and schedule a judgment debtor exam since June 2, 2022. *See* (Doc. 135-1)-(Doc. 135-5); *see also* Sept. 22, 2022 Minute Entry; Sept. 7, 2022 Minute Entry; Aug. 5, 2022 Notation Order. Seller concedes that it has yet to provide any responsive documents or designate a representative to sit for that exam (Doc. 138 PageID 4856), and Seller's counsel's assertions at the post-judgment discovery conferences inspire little confidence in Seller's compliance with the Federal Rules of Civil Procedure in this matter. The Court will thus grant First Buyer's Motion to Compel unless, within ten (10) days of the date of the issuance of this Order, Seller files a written explanation as to why Seller has failed to provide responsive documents or designate a representative to sit for that exam and the Court finds that explanation satisfactory.[1]

The Court will hold First Buyer's Motion for Sanctions in abeyance until after either receipt of Seller's written explanation and the Court's ruling on the adequacy of that explanation or Seller's failure to provide a written explanation.

---

[1] Seller is warned that the filing of its Motion to Stay is an insufficient explanation. Additionally, the Court will issue a ruling on the adequacy of Seller's written explanation, if Seller files one, as promptly as possible.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Seller's Motion for Stay of Execution Pending Appeal (Doc. 137) is **DENIED**; First Buyer's Motion to Compel (Doc. 135) is **GRANTED**, pending Seller's submission of a written explanation as described above and the Court's subsequent ruling on that explanation; and First Buyer's Motion for Sanctions (Doc. 135) is **HELD IN ABEYANCE** until further order of the Court.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court